UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SPAULDING, BY HIS CONSERVATOR, JEANNE SPAULDING, : : : : | |
| Plaintiff, : | |
| : | CASE NO. 3:06CV0567 (RNC) |
| v. : : | |
| COMPASS GROUP USA, INC.; LAURIE WILSON; CHARLOTTE FLETCHER; SUE QUINN, : : : | |
| Defendants. | |

**ORDER**

The plaintiff has filed four motions asking the court to bar two Massachusetts attorneys, Christopher A. Kenney and Michele Camarota, from entering appearances for the defendants. Plaintiff first argues that these attorneys are improperly seeking to practice before this court. Attorney Kenney, though not licensed in Connecticut, is a member of the bar of this court. Attorney Camarota was admitted *pro hac vice* upon the submission of her affidavit and a motion by a member of the bar of this court, as required by D. Conn. L. Civ. R. 83.1. In addition, attorney Meghan D. Burns and Lawrence Peikes of Wiggin & Dana have filed appearances as local counsel for the defendants. Upon review of plaintiff's arguments, the court finds no improprieties in Attorney Kenney's appearance, in the papers filed for *pro hac vice* admission of Attorney Camarota, or

in the defendants' decision to engage both local and foreign counsel.  These attorneys' appearances are in order and in compliance with D. Conn. L. Civ. R. 83.1.

   The plaintiff also argues that attorneys Kenney and Camarota should be barred from representing the defendants because they may be required to testify as witnesses in relation to Count Seven of the Complaint.  Count Seven appears to allege an ERISA claim for violations of 29 USCS § 1021 and § 1059, which govern benefit plan recordkeeping and production of certain documents to plan participants.  The plaintiff apparently claims that Mr. Kenney and/or his associates were involved in a decision not to produce certain documentation to the plaintiff during the course of certain administrative proceedings related to this claim.  Plaintiff argues that these attorneys may be required to testify regarding that decision.  As a result, plaintiff contends that they should be barred from representing the defendant under Local Civil Rule 83.13.  The defendants respond that whatever involvement the attorneys may have had in that decision is either privileged or was so limited that it would not warrant those attorneys being called as witnesses.

   The court need not determine at this juncture whether either of these attorneys may in fact be called as a witness.  Local Civil Rule 83.13(a) provides that an attorney shall not accept employment in litigation "if he or she knows or it is obvious

that he or she or a lawyer in the same firm ought to be called as a witness." The plaintiff has not, as of yet, demonstrated that "it is obvious" that these attorneys "ought to" be called as witnesses. The facts underlying plaintiff's claim that they can be called as witnesses are, at present, highly disputed, and nothing either party has presented to the court renders it "obvious" that these attorneys may be called as witness. Therefore, D. Conn. L. Civ. R. 83.13(a) does not bar their appearance or require them to withdraw at this juncture.

In a letter to Chambers dated September 1, 2006, counsel for the plaintiff urged the court not to rule on plaintiff's motions pending a review by the Connecticut Bar Committee on the Unauthorized Practice of Law. This court's rules on the appearances of foreign attorneys are not governed by that body, and the court need not await its decision. The court notes, however, that plaintiff apparently did not send a copy of that letter to Mr. Kenney and Ms. Camarota, who are counsel of record as well as the subject of that letter. Plaintiff shall henceforth treat all of the defendant's counsel- Attorneys Kenney, Camarota, Burns and Peikes- as counsel of record as required by the rules of this court.

The plaintiff's motion for reconsideration (doc. # 16) is granted. Upon reconsideration, the court adheres to its original ruling. The plaintiff's further motions (doc. # 17, 18 and 19)

challenging the appearances of Attorneys Christopher A. Kenney and Michele Camarota are denied.  The defendants' Motion for Hearing (doc. # 34) is denied.

    SO ORDERED at Hartford, Connecticut this 3rd day of October, 2006.

                                    _____/s/_____
                                    Donna F. Martinez
                                    United States Magistrate Judge